UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE L. SIMMONS,
       Plaintiff,

                                      Case No. 1:08-cv-205

-v-

                                      HONORABLE PAUL L. MALONEY
                                      HONORABLE ELLEN S. CARMODY

MARILYN STEPHEN,
       Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This Court has before it a Report and Recommendation (Dkt.No. 10) and Plaintiff Simmons' Objection (Dkt. No. 12).

Plaintiff Simmons filed a section 1983 claim against "Director Marilyn Stephen a/k/a The BUREAU – OFFICE OF CHILD SUPPORT ENFORCEMENT, in its' [sic] Corporate/Commercial charter." (Dkt. No. 1 - Complaint ¶ 5). Plaintiff alleges in 1990, a default judgment was improperly entered against him in a paternity suit. (*Id.* ¶¶ 24-29). Plaintiff details his varied attempts to challenge the entry of default judgment in state court. (*Id.* ¶¶ 31-42). Plaintiff requests permanent injunctions, restitution for assets seized, and punitive damages. (*Id.* at 26).

When Plaintiff filed his complaint, he also filed an application (Dkt. No. 2) to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915(a)(1). The IFP application was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge. On March 17, 2008, Magistrate Judge Carmody entered an order (Dkt. No. 7) granting Plaintiff leave to proceed IFP. On April 3, 2008, Magistrate Judge Carmody submitted a Report and Recommendation (Dkt. No. 10) that the complaint be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has filed an objection (Dkt. No. 12).

I. STANDARD OF REVIEW

After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

This Court conducted a de novo review. Having read the file, including the report, objection and relevant authority, the Report and Recommendation is adopted over the objections.

II. ANALYSIS

Plaintiff Simmons objects on several grounds to the conclusion that his complaint fails to state a claim. Although the objection, like the complaint, is not a model of clarity, this Court will attempt to identify each basis for objection. First, Plaintiff argues section 1915(c)(2) does not give

a magistrate the authority to review the complaint. (Objection at 2). The Magistrate Judge's authority to issue the R&R arises under 28 U.S.C. § 636(b)(1). Second, Plaintiff argues the Magistrate Judge recommended dismissing his complaint under a section of the statute relating to prisoners. (Objection at 2). Plaintiff is incorrect. In cases where a party has been granted leave to proceed IFP, the court is obligated to screen the complaint and to dismiss the action if the court determines the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *Media v. Eugenio Painting Co.*, 90 F.App'x 910, 911 (6th Cir. 2004). Although 28 U.S.C. § 1915[1] was amended in 1996 as part of the Prison Litigation Reform Act (PLRA), section 1915 applies to all persons, not just prisoners. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (explaining that section 1915(e)(2) applies only to litigants who are proceeding IFP).

Plaintiff's third basis for objection is that the Magistrate Judge should not have relied upon the standards for a 12(b)(6) motion because no motion to dismiss has been filed. (Objection at 3). This Court finds no error has occurred. Section 1915(e)(2)(B)(ii) employs the same language (failure to state a claim upon which relief may be granted) as Rule 12(b)(6) of the Federal Rules of Civil Procedure (failure to state a claim upon which relief can be granted). The standards for assessing whether a complaint should be dismissed is the same under the statute and the rule. That standard has most recently been outlined by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-1966 (2007). Under the standard set forth in *Twombly*, a complaint must allege factual allegations which "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

---

[1]Plaintiff cites 28 U.S.C. § 1915A which does govern suits by prisoners.

doubtful in fact)." (citations omitted). *Id.* at 1965. The Supreme Court went on to retire the "no set of facts" language." *Id.* at 1969.

Fourth, Plaintiff argues his complaint sets forth sufficient facts to state claims upon which relief may be granted. (Objection at 4-8). This Court disagrees. Having reviewed the complaint de novo, Plaintiff has failed to set forth a claim upon which relief may be granted. Plaintiff's complaint amounts to a collateral attack on a default judgment in a paternity suit entered more than seventeen years ago, which has been the subject of several subsequent state court actions, all of which have been resolved against Plaintiff.

III.  CONCLUSION

Plaintiff's objection offers no reason to reject or modify the Report and Recommendation. The Report and Recommendation (Dkt. No. 10) is **ADOPTED OVER OBJECTIONS**. Plaintiff's Motion for Order to Show Cause (Dkt. No. 4) and Corrected Motion for Order to Show Cause (self-titled "Proposed Order to Show Cause and Permanent Injunction") (Dkt. No. 9) are **DENIED AS MOOT**.

This matter is **TERMINATED.**

**IT IS SO ORDERED.**


Date:   April 23, 2008                                              /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge