UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE L. SIMMONS,
        Plaintiff,

                                      Case No. 1:08-cv-205

-v-

                                      HONORABLE PAUL L. MALONEY

MARILYN STEPHEN,
        Defendant.

ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO STAY FINAL JUDGMENT
PENDING APPEAL

ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR SUPERSEDEAS BOND

      This matter comes before the Court on two motions. Plaintiff Simmons, proceeding *pro se*, filed a motion (Dkt. No. 23) to stay final judgment pending appeal to the Sixth Circuit Court of Appeals. Plaintiff also filed a motion (Dkt. No. 25) for a supersedeas bond.

      Plaintiff's motions are **DENIED AS MOOT.** Because Plaintiff Simmons was proceeding *pro se*, his complaint was reviewed pursuant to 28 U.S.C. § 1915(e)(2) prior to service on Defendant Stephen. The Magistrate Judge concluded the complaint should be dismissed for failure to state a claim and, after reviewing Plaintiff's objections, this Court agreed. Plaintiff's motion for leave to file his appeal *in forma pauperis* was denied when this Court concluded his appeal would be frivolous. On March 10, 2009, the Sixth Circuit Court of Appeals also denied Plaintiff's request to proceed *in forma pauperis* and ordered Plaintiff (now Appellant) to pay the $455 filing fee within thirty days or the appeal would be dismissed. Plaintiff filed the two pending motions on April 7, 2009. The Sixth Circuit dismissed Plaintiff's appeal on April 10, 2009 for failure to pay the filing fee. Accordingly, Plaintiff's motions are moot.

Even if Plaintiff's appeal had not been dismissed, Plaintiff is not entitled to the relief requested in his two motions.

*Motion for Stay (Dkt. No. 23)*

Plaintiff requests a stay. Initially, what Defendant wants stayed is unclear. No money judgment was entered in this action. Plaintiff's claim was dismissed for failure to state a claim upon which relief may be granted. To the extent Plaintiff wants the stay to prevent Defendant from taking some action, the stay would function as a restraining order. Typically a stay is entered in order to preserve the status quo. *See Reed v. Rhodes*, 472 F.Supp. 603, 605 (W.D. Mich. 1979). In this case, the status quo is preserved by denying the stay.

Plaintiff's motion for a stay appears to be a second motion for reconsideration. In the conclusion to his brief, Plaintiff requests a stay of the order terminating the case and further requests a certification that his appeal is taken in good faith. This Court adopted a report and recommendation issued by the Magistrate Judge and dismissed the complaint over objections for failure to state a claim upon which relief may be granted. This Court then denied Plaintiff's motion for reconsideration. Plaintiff's motion for leave to appeal *in forma pauperis* was denied on the basis that any appeal would be frivolous. Plaintiff's brief in support of this motion regurgitates the same legal arguments which formed the basis for his complaint and his motion for reconsideration. Plaintiff has not established any new basis for this Court to reconsider its earlier decisions.

Finally, Plaintiff is not entitled to a stay under Rule 62 of the Federal Rules of Civil Procedure.[1] Plaintiff's complaint requested, among other things, an injunction against "further and

---

[1] Plaintiff points to subsection (b)(2) and (3) of Rule 62. Subsection (b) applies only when there is a pending motion, such as a motion to amend the findings or a motion to alter or amend the judgment. There are no pending motions filed under Rule 50, 52(b), 59 or 60 of the

2

additional deprivation of Plaintiff's constitutional and statutory rights." (Compl. - Requested Relief ¶ a.) A court may grant a stay on terms for a bond necessary to secure the opposing party's rights when an appeal is taken from a final judgment denying an injunction. FED. R. CIV. P. 62(c). A court considering such a motion must consider (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably harmed absent a stay, (3) whether issuance of the stay will substantially injure other parties interested in the proceeding, and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Plaintiff has not convinced this Court he has a likelihood of success on the merits. This Court described Plaintiff's complaint as a "collateral attack on a default judgment in a paternity suit entered more than seventeen years ago." (Order dated 4-23-08 at 3.) Plaintiff's motion for leave to appeal *in forma pauperis* was denied because any appeal would be frivolous. It is unclear from Plaintiff's motion what the irreparable injury he would suffer if the stay is not granted. The public interest lies in the finality of judgments, both the one entered years ago as well as the order terminating this action.

*Motion for Supersedeas Bond. (Dkt. No. 25)*

Plaintiff requests this Court issue a supersedeas bond. Plaintiff argues it will cost him $455.00 to take an appeal to the Sixth Circuit. Plaintiff believes that amount is unreasonable and requests this Court approve a $100 bond in order to take his appeal.

Plaintiff is not entitled to a bond. Plaintiff's motion essentially asks this Court to lower the filing fee for an appeal. That is not the purpose of a supersedeas bond. As acknowledged by

---

Federal Rules of Civil Procedure and therefore no stay is warranted under Rule 62(b). *See* FED. R. CIV. P. 62(b).

Plaintiff, a supersedeas bond is designed to protect the interests of the party who benefits from a judgment and requires the party seeking to reverse the judgment to post an amount of the underlying judgment. *See Hall v. Consol. Freightways Corp. of Delaware*, 142 F.App'x 875, 879 (6th Cir. 2005) (quoting *Poplar Grove Planting Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-1191 (5th Cir. 1979)). No money judgment has been entered. The filing fee to take an appeal is set by the Judicial Conference. 28 U.S.C. § 1913. Accordingly, no supersedeas bond is required in order for Plaintiff to take an appeal.

Plaintiff's motion (Dkt. No. 23) for stay pending appeal is **DENIED AS MOOT.**

Plaintiff's motion (Dkt. No. 25) for supersedeas bond is **DENIED AS MOOT.**

 **IT IS SO ORDERED.**


Date:   April 15, 2009             /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   Chief United States District Judge